UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANGO COMMUNITY FAMILY FARM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| *vs*. | ) | |
| | ) | |
| A10 TRUCKING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Mango Community Family Farm ("Plaintiff"), by and through its undersigned attorneys, states its Complaint against Defendant A10 Trucking Corporation ("A10") as follows:

1. Plaintiff Mango Community Family Farm is a Minnesota not-for-profit corporation with Internal Revenue Code section 501(c)(3) organizational status and has its principal place of business in Brooklyn Park, Minnesota. Plaintiff is engaged in the provision of charitable goods to and services in the Republic of Haiti.

2. Defendant A10 Trucking Corporation is an Indiana corporation with its principal place of business in Highland, Indiana. A10 performs motor carriage within this judicial district, including the shipment which is the subject of this complaint.

3. This is a claim for cargo damage to and loss of a shipment transported by road from Minnesota to Illinois in interstate commerce. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 as this action arises from the transportation of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act, as amended and recodified, 49 U.S.C. §§ 11706 and 14706, and the amount in controversy exceeds $10,000, exclusive of interest and costs.

4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) & (b) in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. A10 is subject to the personal jurisdiction of this Court because it agreed to transport and deliver the Cargo through Illinois and thereby purposefully directed its activities at the forum state.

6. The Northern District of Illinois is the proper venue for this action pursuant to 49 U.S.C. § 14076(d) as A10 operates through and within this judicial district and the damage occurred in this judicial district.

7. In October 2023, Plaintiff engaged the services of non-party Total Quality Logistics ("TQL"), a freight forwarding logistics company, to arrange for the transport of various goods to be donated in the Republic of Haiti (the "Cargo") from Minnesota to Illinois.

8. TQL thereafter contracted with A10 to transport the Cargo by road carriage from New Brighton, Minnesota to Chicago, Illinois.

9. A10 was a carrier of the Cargo, within the meaning of the Carmack Amendment to the Interstate Commerce Act.

10. A10 accepted custody and control of the Cargo in a shipping container on or about December 8, 2023, in New Brighton, Minnesota, following its opportunity to confirm that the Cargo was in good order and condition and suitable in every respect for its intended transportation, and thereafter commenced the road carriage.

11. Thereafter, on or about December 9, 2023, while within A10's sole possession and control, the Cargo was damaged when it was driven into a bridge at or near 115th Street in Chicago, Illinois.

12. A10 failed to deliver the Cargo in the same good order and condition to its destination as it was received, was negligent and careless in its handling of the Cargo, and otherwise breached and violated its statutory, common law and contractual duties and obligations as common carrier or bailee of the Cargo and was otherwise at fault.

13. The loss was not caused by any circumstance that would give rise to a defense or exception to carrier liability.

14. As an interstate carrier transporting the subject goods, A10, owed Plaintiff the highest degree of care in relation to the goods.

15. At all times relevant herein there was in effect 49 U.S.C. § 14706 (the Carmack Amendment) which provides in pertinent part as follows:

(a) General Liability –

(1) Motor Carriers and freight forwarders – A carrier providing transportation or service subject to jurisdiction under subpart I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property re-consigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

16. A10 was the initiating carrier, the delivering carrier, and the carrier on whose line the loss of the subject shipment occurred pursuant to 49 U.S.C. § 14706(a).

3

17. Plaintiff brings this action on its own behalf and, as agents and trustees, on behalf and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

18. By reason of the foregoing, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the approximate amount of $100,000.00, including the actual value of the Cargo and the costs associated with salvaging as much of the Cargo as possible.

**WHEREFORE**, for the foregoing reasons, Plaintiff requests that judgment be entered in favor of Mango Community Farm and against A10 Trucking Corporation in the approximate amount of $100,000.00 and all other actual damages proven at trial, together with costs, interest, and reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

MANGO COMMUNITY FAMILY FARMS,

By:    Paul J. Kozacky_____
       One of its attorneys

Paul J. Kozacky (pkozacky@kwmlawyers.com)
Caitlin J. Brown (cbrown@kwmlawyers.com)
Thomas S. Horton (thorton@kwmlawyers.com)
KOZACKY WEITZEL MCGRATH, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
312-696-0900